MARKEY, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*March 1 — March 18, 1890.*

*Contracts: Construction of sewer for city: Modification of plan: Action for damages: Pleading: Waiver.*

1. Though a contract with a city to construct a sewer provides that the work shall be done to the satisfaction of the board of public works, the contractor need not allege that the work was so done, in an action against the city to recover damages for its refusal to permit him to perform a part of the work.
2. A provision in the contract that the board of public works shall adjudicate the amount earned by the contractor, does not necessitate an adjudication as to his damages by reason of a breach of the contract by the city.
3. It being alleged in the complaint that the city modified the plans and specifications which were a part of the contract, and thereby shortened to the extent of 176 feet the sewer which the plaintiff had agreed to construct at a certain price per foot, it will not be presumed, on demurrer, that the city had authority to make such change, or that it was a reasonable variance from the plans.
4. A waiver of his rights under the contract as originally made will not be presumed from the mere fact that the plaintiff continued work after such modification.

APPEAL from the Superior Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The respondent brought an action against the city of Milwaukee to recover damages for a breach of contract on the part of the city for doing certain work for said city. The complaint, after alleging the corporate capacity of the appellant, reads as follows, viz.:

" That on the 26th day of May, 1886, the said plaintiff duly entered into a contract with the defendant, in and by which he agreed to furnish all the material and do all the work necessary and required in and about the construction

and completion of a section of sewer in Cherry street, from the sewer in Washington avenue to the sewer in Twenty-first street, in said city, according to plans and specifications for doing the same on file in the office of the board of public works of said city, and for the price of $3.68 per lineal foot, as mentioned in said contract, a copy of which said contract and specifications, marked 'Exhibit A,' are hereto annexed, referred to herein, and made part and parcel of this complaint;[1] that on or about the first day of June, 1886, said plaintiff entered upon the performance of said work, and was ready and willing to perform said work and furnish all materials necessary and required therefor according to his said contract and the said plans and specifications for doing the same; that on or about the 15th day of ——, 1886, the said defendant city, by its duly consti-

[1] The contract provided, among other things, that the plaintiff should "well and truly execute and perform the said work under the superintendence of said board of public works." It also contained the following provisions: "And it is hereby mutually agreed between the said parties hereto that the said board of public works shall have the right and power, and the same is hereby reserved to said board, to adjust and determine finally all questions — *first*, as to the proper performance of these presents and the doing of the said work by the said party of the first part, and, in case of the improper or imperfect performance thereof, to suspend the said work at any time, or to order the entire reconstruction of the same if improperly done, or to relet the same to some other competent party, and, in case the said work shall not be prosecuted with such diligence and with such number of men as to insure its completion within the time limited by these presents, to suspend the said work and relet the same to some other competent party, or employ men and secure material for the completion of the same and charge the cost thereof to the party of the first part; and, *secondly*, as to the amount earned under these presents by the party of the first part, according to the true intent and meaning thereof. And it is further mutually agreed that any and every such adjustment and determination by the said board of public works shall be final and conclusive between the said parties to these presents, and binding upon them," etc.

The contract further provided that the quantities of the work as estimated were "to be considered as only approximate, and to be used only as a basis of comparison."— REP.

tuted officers, caused the plans and specifications for doing said work to be modified and changed, whereby the lateral sewers contracted to be constructed by plaintiff were shortened to the extent of 176 feet, against the will and protest of the plaintiff; that plaintiff continued with the performance of said contract, and completed the same in accordance with the plans and specifications, with the exception of the 176 feet of lateral sewer aforesaid, which he was prevented from constructing and completing by the said defendant city, as aforesaid; that the profits to the plaintiff which he would derive from the construction of said 176 feet of lateral sewer, contracted by him to be constructed, would be $528; that plaintiff was ready and willing at all times to construct and complete said lateral sewers according to the original plans and specifications, and would have done so but for being prevented by said defendant city; that by reason of the premises plaintiff has suffered damages in the sum of $528. Wherefore plaintiff demands judgment against the defendant for the sum of $528, besides the costs of this action."

To this complaint the city, by its attorney, demurred, alleging as a ground of demurrer that it does not state facts sufficient to constitute a cause of action. The superior court of Milwaukee county overruled the demurrer, and from the order overruling such demurrer the city appealed to this court.

The cause was submitted for the appellant on the brief of *Eugene S. Elliott,* city attorney, and for the respondent on that of *Somers, Somers & Dorr.*

TAYLOR, J. The learned counsel for the city claims that the demurrer should have been sustained, first, because it is not alleged in the complaint that the work was done to the satisfaction of the board of public works. There would be great force in this objection to the complaint had the action been an action to recover for work done under

the contract.    But it is evident that the action is not to recover for work done under the contract.    The action is clearly an action for the recovery of damages for a breach of the contract on the part of the city, in not permitting the plaintiff to perform a part of his contract, and he claims as damages the profits he might have made on that part of the contract, had he been permitted to perform it.

The second ground of demurrer is that the complaint fails to allege that the board of public works had adjudicated upon the plaintiff's claim.    After a careful examination of the contract we are unable to find any agreement on the part of the plaintiff that the damages which he may suffer from the acts of the city or its officers in refusing to permit him to go on with his contract, or any part thereof, must be first adjudicated by the board of public works before he can maintain an action to recover such damages. The adjudications provided for in the contract relate to the amounts which may have been earned under the contract, and to the damages which may accrue to the city for a failure to perform the contract on the part of the plaintiff according to the terms of his contract.

It is true there is a provision in the contract that the board of public works may, under certain circumstances, suspend the work of the plaintiff under the contract, and relet the work to other parties.    There is nothing in the complaint which tends to show that the board of public works had suspended the plaintiff's work under the contract by virtue of this provision in the contract.    If the board refused to permit the plaintiff to perform that part of his work which is set up in the complaint as the basis of his action under this provision in the contract, that fact might be a defense to the action; but such defense must be raised by an answer, and is not raised by a demurrer to the complaint.

The allegation of the complaint is " that the city, by its duly constituted officers, caused the plans and specifications

for doing said work to be modified and changed, whereby the lateral sewers contracted to be constructed by the plaintiff were shortened, to the extent of 176 feet, against the will and protest of the plaintiff." We find no provision in the contract which authorizes the city arbitrarily to modify or change the contract made with the plaintiff, and, if the city has modified or changed the contract for any cause which authorized it to do so, such fact might be set up as a defense to the action; but, under the allegations of the complaint, it cannot be presumed that such alteration was authorized.

It is also urged as a reason for sustaining the demurrer that it appears from the complaint "that the plaintiff continued his work under the contract after the alleged modification of the same by the board of public works," and he must therefore be presumed to have accepted the modified contract and waived the right to insist upon its performance as originally made. We do not think there is enough appearing in the complaint to show any such waiver. The allegations of the complaint do not show a waiver. If there was a waiver on the part of the plaintiff, it must be made to appear in some way, and will not be presumed from the mere fact that he continued his work under his original contract after the unauthorized action of the board of public works in modifying and changing the same.

It is also urged that the city had the right, under the contract, to make any reasonable variance from the plans and specifications, so far as the quantity of work to be done was concerned. If the city had such right under the contract, we cannot say, from the allegations of the complaint, that the change alleged to have been made by the city was a reasonable change.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed, and the cause is remanded for further proceedings.